UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| GEORGE B. MILLER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 04-394-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, Commissioner ) | **MEMORANDUM OPINION** |
| of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff George Miller ("Miller") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9, 10] Through this action, Miller seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Miller.

**I.     LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a

severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 CFR § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II. PROCEEDINGS BEFORE THE ALJ

On June 26, 2003, an administrative hearing was held before ALJ William Russell in Prestonsburg, Kentucky.[2] During this hearing, the ALJ heard testimony from Miller and Gina Baldwin, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Miller. The ALJ concluded that Miller retained the residual functional capacity to perform a limited range of sedentary work. [Transcript ("Tr."), p. 21] Based on testimony from the VE, the ALJ further concluded that Miller was capable of performing a significant number of jobs in the national economy. [Tr., p. 21]

## III. DISCUSSION

Miller's sole argument is that the ALJ erred by failing to recontact the Veterans' Affairs Administration ("VA") to request additional medical records relating to Miller, relying on 20 C.F.R. § 404.1512(e). The VA awarded Miller benefits effective December 1, 2000. [Tr., p. 55] As noted by the Commissioner and the ALJ, Miller was required to establish his disability prior to December 31, 1999, upon the expiration of his insured status. [Tr., pp. 15, 17; 42 U.S.C. § 423(a), (c); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).] Miller cites VA records from 2001 and 2002 discussing his impairments. Because the ALJ was concerned only with conditions existing prior to December 31, 1999, however, the ALJ "reviewed specifically to ascertain whether any condition treated in 2001 related back to the time period prior to 12/31/99." [Tr., p. 15] He performed the same analysis for the records from 2002. [Tr., p. 16]

---

[2] This is Miller's third application for benefits. His previous two applications were unsuccessful. [Tr., p. 12]

Miller makes much of the VA findings but, as noted by the Commissioner and the ALJ, the VA *did not* find that Miller was disabled *prior to* December 31, 1999. [Tr., p. 55]

Miller argues that the ALJ should have sought further information from the VA. Title 20 C.F.R. Section 404.1512(e) provides, in relevant part:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

Miller himself quotes a passage from the ALJ which discusses how the ALJ reviewed "175 pages of progress notes covering treatment at the VA Hospital." [Tr., p. 16] Further, the ALJ asked Miller's attorney if there was anything else needed to supplement the record. His attorney answered "no." [Tr., p. 578] The claimant has the burden of proving that he has a severe impairment. *Howard*, 276 F.3d at 238.

The ALJ properly considered the extensive treatment notes provided by the VA. The record clearly supports the ALJ's decision to conclude that Miller was not disabled prior to December 31, 1999. Records reflecting any later change in status were irrelevant to the ALJ's

inquiry. Thus, 20 C.F.R. § 404.1512(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Miller was disabled.

Finally, although not discussed by either party, Miller's claim is barred by the doctrine of *res judicata*. Miller previously filed for benefits on July 24, 1996, and November 13, 2000. [Tr., p. 12] Both claims were denied. The 2000 application was "denied initially (4/6/01) and upon reconsideration (6/13/01) finding the claimant was not disabled prior to December 31, 1999 (date last insured). No further action was taken with respect to this claim." [Tr., p. 12] As this Sixth Circuit has instructed, "a subsequent ALJ is bound by the findings of a previous ALJ" and "a social security claimant is barred from relitigating an issue that has been previously determined." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Thus, because Miller was previously found to have been "not disabled" prior to December 31, 2000, Miller is precluded from re-litigating this issue.

### IV.   CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1)   Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2)   The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

(3)   The administrative decision will be **AFFIRMED** by separate judgment.

This 6th day of June, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge